**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**WILLIAM J. LOFINK, JR.,**

                                    **Petitioner,**

   **vs.**                                                        **9:14-cv-82
                                                                     (MAD/DEP)**

**ROBERT MACCARONE,** *Deputy Commissioner, New
York State Office of Probation and Correction
Alternatives***,**

                                    **Respondent.**

_____

**APPEARANCES:**                                     **OF COUNSEL:**

**WILLIAM J. LOFINK, JR.**
74 Arch Street
Green Island, New York 12183
Petitioner *pro se*

**OFFICE OF THE NEW YORK**          **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On January 27, 2014, Petitioner, a state probationer, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. On October 23, 2014, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Court dismiss the petition as untimely. *See* Dkt. No. 8. Since the issuance of that report, the Court was informed that Petitioner died on May 3, 2014. *See* Dkt. No. 11-1 at 1. Accordingly, Magistrate Judge Peebles issued an Amended Report and Recommendation recommending that the Court dismiss the petition as moot because Petitioner is no longer "in custody" as required by 28 U.S.C. § 2241(c).

*See* Dkt. No. 12. Currently before the Court is Magistrate Judge Peebles unobjected to Amended Report and Recommendation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The Supreme Court's interpretation of the 'in custody' language in the federal habeas statute is not so narrow as to require that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Rosato v. N.Y. Cnty. Dist. Attorney's Office*, No. 09 Civ. 3742, 2009 WL 4790849, *4 (S.D.N.Y. Dec. 14, 2009) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)). "For example, '[a]n individual on probation or parole is "in custody" for purpose of federal habeas corpus proceedings.'" *Id.* (quotation and other citations omitted). The death of a habeas petitioner, however, renders the challenge moot, since there is no relief that this Court can grant to the petitioner. *See McMann v. Ross*, 396 U.S. 118, 118 (1969); *Zaker v. Artus*, No. 04-CV-0886, 2007 WL 1521621, *1 (W.D.N.Y. May 22, 2007) (citation omitted); *Griffey v. Lindsey*, 349 F.3d 1157, 1157 (9th Cir. 2003) (citations omitted).

In the present matter, as Petitioner is no longer "in custody" as required by 28 U.S.C. § 2241(c) and there is no relief that can be granted to him, the petition for a writ of habeas corpus is dismissed as moot.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles Amended Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus is **DISMISSED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 11, 2014
      Albany, New York

      Mae A. D'Agostino
      U.S. District Judge